# IN THE UNITED STATES DISTRICT COURT
## Of the Northern District of Florida

| | |
|---|---|
| JANE DOE, | ) |
| | ) |
| Plaintiff, | ) |
| v. | ) No. 1:21-cv-91 |
| | ) |
| PHILIP GOLIGHTLY, | ) |
| and UNITED STATES of AMERICA, | ) |
| | ) |
| Defendants. | ) |

## COMPLAINT AT LAW

Plaintiff, JANE DOE, through her attorneys, complains of Defendants, Philip Golightly and the United States of America, and states as follows:

## PARTIES

1. Plaintiff JANE DOE is currently incarcerated at Camp Victorville in Adelante, CA, serving a 172-month sentence that began in May, 2014.

2. Defendant Philip Golightly was, during the relevant time, a correctional officer with the Bureau of Prisons at Federal Correctional Institution Mariana, located in Florida. Defendant Golightly is sued in his individual capacity.

3. Defendant United States of America is sued for Plaintiff's personal injuries caused by the negligent or wrongful acts and/or omissions if its employees. Those employees were acting within the scope of their office or employment under

circumstances where the United States, if a private person, would be liable to Plaintiff in accordance with the laws of the United States of America and State of Illinois.

## JURISDICTION AND VENUE

4. This is an action brought to redress the deprivation under color of law of Plaintiff's rights as secured by the United States Constitution.

5. This Court has jurisdiction pursuant to *Bivens v. Six Unknown Named Agents*, 403 U.S. 388 and 28 U.S.C. § 1331.

6. Venue is proper in this jurisdiction pursuant to 28 U.S.C. § 1391 as the events giving rise to Plaintiff's claims occurred in this district.

7. Defendant United States of America is a sovereign that has waived its immunity for certain claims, including the claims set forth herein, and is liable for the acts of its employees and/or agents.

8. This action is brought pursuant to the Federal Tort Claims Act, 28 U.S.C. §2671, *et seq.*; 28 U.S.C. §1346, *et seq.*; 42 U.S.C § 1983; and Eighth Amendment of the United States Constitution; and pendent state common and statutory laws.

9. The amount in controversy in this matter exceeds the jurisdictional minimum limits set forth in 28 U.S.C. § 1332(a).

10. Jurisdiction is appropriate pursuant to 28 U.S.C. §§ 1331, 1332, and 1346.

11. On or about May 14, 2020, Plaintiff timely submitted a claim to the Federal Bureau of Prisons of the United States Department of Justice for injuries and damages arising from the incidents and injuries alleged herein.

12. Plaintiff otherwise exhausted her administrative remedies under the Prisoner Litigation Reform Act by submitting a BP9 and BP10 in 2021, which is timely under the Prison Rape Reform Act.

13. The acts and omissions giving rise to this Complaint occurred in the State of Florida.

14. Venue is proper in the Northern District of Florida, as the acts complained of occurred in this district.

## FACTS

15. Plaintiff incorporates by this reference, their claims, facts, and allegations in the paragraphs above, as if set forth fully herein.

16. The Federal Bureau of Prisons ("BOP") is a law enforcement agency of Defendant United States of America ("USA"), and a subdivision of the

U.S. Department of Justice. The BOP is responsible for the administration of the federal prison system.

17. At all times relevant hereto, Defendant Golightly was employed as guard and/or correctional officer by the BOP, and they were assigned to Federal Correctional Institution Marianna (Hereinafter "FCI Mariana").

18. Plaintiff began serving her federal sentence at Federal Prison Camp Alderson in March, 2014.

19. In March, 2017, Plaintiff was moved to the Federal Correctional Institution Marianna located in Tallahassee, Florida

20. Around the end of April in 2017, Plaintiff was assigned to work in the kitchen in the morning beginning at 4:30 AM. Defendant Golightly was the 2-day relief kitchen foreman and worked there with inmates alone. He was a known sexual predator with prior incidents and reports from females.

21. Defendant Golightly told Plaintiff me that he had the authority to do whatever he likes and could get away with it, including sending inmates who did not listen to him to worse locations.

22. Defendant Golightly began to ask Plaintiff to have sex with him, and threatened that if she did not, there would be dire consequences.

23. On or around May 15, 2017, Officer Golightly first physically trapped the Plaintiff in a freezer and sexually assaulted the Plaintiff. He then assaulted

her in the large walk-in fridge in the kitchen. He attempted to touch her vagina, then her breasts. He demanded that she perform oral sex on him.

24. On Saturday, May 20, 2017 Defendant Golightly forced Plaintiff to perform oral sex on him in the food storage room while he kissed another inmate.

25. Defendant Golightly instructed Plaintiff to come back early the next week for more sexual acts, and threatened that he would use his authority to cause negative consequences to the Plaintiff if she did not.

26. The following week, Defendant Golightly forced the Plaintiff and another female inmate to perform sexual acts again.

27. The Plaintiff saw Golightly on nearly a weekly basis, and he continued to ask for sexual favors and sexually harassed Plaintiff nearly every time.

28. Defendant Golightly threatened retaliation and the possibility of being sent to county jail, if Plaintiff told anyone what happened.

29. On or around the end of May, 2019, the Plaintiff was transferred to FCI Tallahassee and was told Officer Golightly worked there as well.

30. Plaintiff feared retaliation from Golightly at FCI Tallahassee, where he told her he was well connected and could continue to cause negative consequences if she told anyone about the sexual assault.

31. Golightly also worked at FCI Tallahassee.

32. In October, 2019 Golightly approached the Plaintiff, physically touched her

and demanded that she have sex with him. He told her that he had authority at Tallahassee and could do whatever he wanted there. He told her this place is scary and you could go to the SHU if you say anything.

33. Upon information and belief sometime in late 2019, Golightly was accused of sexual assault by another inmate and removed from the compound.

34. It was only after this that Plaintiff stopped fearing for her safety and reported the sexual assault.

35. From approximately May, 2017 through October, 2019, Defendant Golightly demanded sexual favors and verbally harassed the Plaintiff and threatened her with retaliation if she reported the assault.

36. At all times, Plaintiff feared retaliation and further abuse if she resisted or reported Defendant Golightly and could not safely report the abuse until she was assured Golightly was being prosecuted.

37. Plaintiff did not and could not consent to the sexual acts and assaults by Defendant Golightly.

38. Defendant Golightly committed sexual abuse in violation of 18 U.S.C. § 2243(b), by engaging in sexual acts with Plaintiff, who was under the custodial, supervisory, and/or disciplinary authority of Defendants.

39. Defendant Golightly was criminally charged in connection with his illegal actions, admitted his guilt, and was adjudicated as guilty of sexual abuse.

40. Defendant Golightly was currently imprisoned in connection with their wrongful acts against the Plaintiff.

41. Further, Defendant USA knew areas of the Mariana FPC were unsupervised and camera-less, and specifically the kitchen and walk in fridge, and knew or should have known that correctional officers and guards, including Defendant Golightly took inmates, such as the Plaintiff, to unsupervised, camera less areas for inappropriate, improper, and illegal purposes.

42. Defendants, and each of them, violated and impeded upon Plaintiff's right to be free from the infliction of cruel and unusual punishment, as guaranteed to her by the Eighth Amendment of the United States Constitution.

43. Defendants, and each of them, failed to safekeep, care, and protect the Plaintiff, who was under the custodial, supervisory, and/or disciplinary authority of Defendants. As a direct result of Defendants' acts and omissions, Plaintiff suffered, and continues to suffer, severe and permanent injuries, mental anguish, distress, embarrassment, humiliation, and damages in an amount to be proven at trial.

## CLAIMS

### COUNT I

### *Eighth Amendment*

44. Plaintiff incorporates all paragraphs of this complaint as though fully set

forth herein.

45. The Eighth Amendment prohibits cruel and unusual punishment for those inmates who have been convicted and sentenced.

46. Plaintiff incorporates by reference every paragraph contained above.

47. Plaintiff is entitled to the liberty of being free from cruel and unusual punishment, as guaranteed by the Eighth Amendment to the U.S. Constitution.

48. At all material times, Defendant Golightly was a guard and/or correctional officers assigned by Defendant USA to the correctional facilities, and they were federal agents acting under the color of federal authority.

49. From approximately May of 2017 through November of 2019, Defendant Golightly assaulted the Plaintiff on several occasions while she was under the custodial, supervisory, and disciplinary authority of the BOP, by inappropriately intimidating, coercing, victimizing, and assaulting the Plaintiff.

50. From approximately May of 2017 through November of 2019, Defendant Golightly verbally demanded sexual favors and verbally harassed the Plaintiff.

51. Prison conditions created and maintained by Defendants constitute an assessment of an additional and unreasonable punishment against the Plaintiff.

52. Defendants were deliberately indifferent to the risks of harm to Plaintiff.

WHEREFORE, Plaintiff prays the Court enter a judgment in his favor and against Defendants and for an award of compensatory damages, punitive damages,

attorneys' fees, costs, and all other relief that is just and appropriate.

## COUNT II

### *Negligence -Federal Tort Claims Act*

53. Plaintiff incorporates all paragraphs of this complaint as though fully set forth herein.

54. From approximately Mid May, 2017 through October, 2019, Defendant Golightly engaged in inappropriate contact, harassment and threats of retaliation with Plaintiff on several occasions while she was under the custodial, supervisory, and disciplinary authority of the BOP, by inappropriately intimidating, coercing, victimizing, and touching the Plaintiff

55. Pursuant to 18 U.S.C. § 2243(b), correctional officers and guards are statutorily precluded from engaging in sexual acts with an inmate, such as the Plaintiff.

56. BOP correctional officers and guards, such as Defendant Golightly, are not lawfully authorized to use their discretion and judgment to engage in sexual acts with inmates while employed by the BOP.

57. The BOP does not give discretion to its correctional officers and guards, such as Defendant Golightly, to exercise their discretion and judgment to engage in sexual activity with an inmate, such as the Plaintiff.

58. Defendant Golightly engaged in sexual activity with an inmate in violation

of 18 U.S.C. § 2243(b), by engaging in sexual acts with Plaintiff, who was under the custodial, supervisory, and/or disciplinary authority of Defendant USA.

59. Defendant Golightly is a law enforcement officer, for which Defendant USA has waived sovereign immunity for assault, battery, and other intentional torts under 28 U.S.C. § 2680.

60. An institutional climate and/or pattern of sexual abuse of female inmates exists and has existed at the Marriana FPC prior to the Defendant Golightly's sexual assault of the Plaintiff.

61. At all times relevant, Defendants owed a duty of care to Plaintiff, and those similarly situated, of "safekeeping, care . . . [and] protection" pursuant to 18 U.S.C. § 4042(a)(2) and (3), inter alia.

62. Pursuant to BOP Program Statement P5324.11 entitled "Sexually Abusive Behavior Prevention and Intervention Program," (hereinafter "BOP 5324.11), Defendant USA had a mandatory policy of to have "[s]tandard procedures . . . to detect and prevent sexually abusive behavior at all Bureau and contract facilities."

63. According to BOP P5324.11, Defendant USA's Sexually Abusive Behavior Prevention and Intervention Program was to detect sexually abusive behavior; prevent it; educate staff to intervene properly and in a timely manner; document, report and investigate reported incidents; and discipline and/or

prosecute perpetrators.

64. The "Program Objectives" of BOP P5324.11 mandate that "[s]taff and inmates are informed of the [BOP's] zero-tolerance philosophy in regards to sexually abusive behavior", and that "[s]tandard procedures are in place to detect and prevent sexually abusive behavior at all [BOP] facilities."

65. BOP P5324.11 further mandates that "detection requires an awareness by staff of institution or unit climate" and requires that "[t]hrough actively paying attention to[:] Inmate communications[,] Comments to staff[,] Correctional Services 'confidentials[";] and Isolated or "hot" areas of the institution."

66. "By observing such factors," BOP P5324.11 advises that "staff are able to better detect sexually abusive behavior, and possibly deter problems before they occur, or before they escalate."

67. BOP P5324.11 further provides that at each federal BOP facility the Warden "must assign an Institution [Prison Rape Elimination Act] Compliance Manager" for the overall responsibility of the program.

68. BOP 5324.11 further directs that "[e]ach institution is required to have a current Institution Supplement . . . that reflects the institution's unique characteristics and specifies how each institution will comply with this Program Statement[.]"

69. At all times relevant hereto, Mariana FPC and FCI Tallahassee failed to have

sufficient policies, practices and/or oversight to intentionally detect and/or prevent sexually abusive behavior as required by BOP 5324.11.

70. At all times relevant hereto, Defendant USA failed to detect and prevent sexually abusive behavior against Plaintiff.

71. At all times relevant hereto, Defendant USA knew or should have known of the risks of inmates and employees being permitted into isolated "hot" areas with one BOP employee that could facilitate sexual assaults of inmates, including Plaintiff, yet failed to take proper steps to protect the inmates.

72. Defendants, and each of them, owed duties to Plaintiff to exercise the requisite standard of care and skill ordinarily exercised by similar correctional facilities, institutions, agencies, guards, and correctional officers, and agencies to detect, deter, and prevent sexually abusive behavior and to take reasonable care to control those in their employ.

73. By failing to prevent sexually abusive behavior, Defendants, and each of them, breached their duties of reasonable care owed to Plaintiff and other similarly situated.

74. Defendant USA is negligent in its hiring, supervision, and retention of Defendant Golightly. Further, Defendant USA was aware of the dangerous propensities of Defendant Golightly, due to prior reporting of abuse. Despite such knowledge, Defendant USA failed to supervise or monitor said Defendants.

75. Further, Defendant USA is vicariously liable for the acts of Defendant Golightly.

76. As a direct result of Defendants' negligent acts and omissions, Plaintiff has suffered, and continues to suffer, severe and permanent injuries, mental anguish, embarrassment, humiliation, distress, and damages in an amount to be proven at trial.

WHEREFORE, Plaintiff prays the Court enter a judgment in her favor and againstDefendants and for an award of compensatory damages, punitive damages, attorneys' fees, costs,and all other relief that is just and appropriate.

### Jury Demand

Plaintiff demands a trial by jury.

Respectfully submitted and dated this 20th day of May, 2021.

/s/Mary Sherris
**Mary Sherris**
Florida Bar Number: 0138134
Sherris Legal, P.A.
121 South Orange Avenue, Suite 1270
Orlando, FL  32801
(407) 999-9955 Phone
E-mail: msherris@sherrislegal.com